UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON SEXTRO,

    Plaintiff,

v.                                                                            Case No: 8:18-cv-1516-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff, Jason Sextro, seeks judicial review of the denial of his claim for supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## **BACKGROUND**

### **A.    Procedural Background**

Plaintiff filed an application for supplemental security income on June 18, 2015. (Tr. 27, 202–06.) The Commissioner denied Plaintiff's claim both initially and upon reconsideration. (Tr. 136–37, 142–43.) Plaintiff then requested an administrative hearing. (Tr. 147–48.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 44–80.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 27–36.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–3.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.      Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1977, claimed disability beginning on December 15, 2014. (Tr. 202.) Plaintiff has a GED and some college education. (Tr. 54.) Plaintiff's past relevant work experience included work as a dancer. (Tr. 34, 52.) Plaintiff alleged disability due to epilepsy, heart problems, two broken legs, and rods in his legs. (Tr. 226.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since June 18, 2015, the application date. (Tr. 29.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: fracture of the bilateral lower extremities and tachycardia. (Tr. 29.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 31.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 416.967(a) except he can frequently climb ramps and stairs but never climb ladders, ropes, and scaffolds. He can frequently balance and stoop. He can occasionally kneel, crouch, and crawl. He must avoid concentrated exposure to extreme cold and moderate exposure to hazards.

(Tr. 31.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the record. (Tr. 32.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform his past relevant work. (Tr. 34.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other

jobs existing in significant numbers in the national economy, such as food and beverage order clerk, and final assembler. (Tr. 35.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 36.)

**APPLICABLE STANDARDS**

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a).

A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to adequately develop the record; and (2) the ALJ failed to properly evaluate Plaintiff's subjective complaints. For the reasons that follow, neither contention warrants reversal.

### A. Record Development

Plaintiff argues that the ALJ failed to adequately develop the record by failing to obtain an updated psychological consultative examination. (Dkt. 20 at 7.) Plaintiff points to the 2015 opinion from the state agency psychological consultant who determined that the claimant had no severe mental impairments. (Tr. 82-109.) Plaintiff asserts that because the ALJ relied on an opinion from 2015, approximately two years before the ALJ issued its decision, and it was apparent that the claimant currently has a mental impairment, the ALJ should have obtained an updated psychological consultative examination. (Dkt. 20 at 7.)

"[T]he ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *see* 20 C.F.R. §§ 404.1512(b)(1)(ii), 416.912(b)(1)(ii) (stating that if the claimant alleges his disability began less than 12 months before filing his application, the Commissioner will develop the claimant's complete medical history from the month the claimant alleges his disability began to the month in which the application was filed). However, "the claimant bears the burden of proving he is disabled," *Ellison*, 355 F.3d at 1276, and has a duty to provide evidence supporting his claim, 20 C.F.R. § 416.912 (a)(1) ("This duty is ongoing and requires you to disclose any additional related evidence about which you become aware.").

When the claimant is not represented at the hearing before the ALJ, which is not the case here, the ALJ's "obligation to develop a full and fair record rises to a special duty . . . to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts and to be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Graham v. Apfel*, 129 F.3d 1420, 1422–23 (11th Cir. 1997) (internal citations omitted). However, even where the ALJ's obligation to develop the record rises to a special duty, "there must be a showing of prejudice before we will find that the . . . case must be remanded . . .

for further development of the record." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995). Prejudice may be shown where the ALJ has failed to elicit relevant testimony, consider all evidence in the record, or where the record contains evidentiary gaps resulting in "unfairness or clear prejudice." *Kelly v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985); *see Brown*, 44 F.3d at at 936 n.9 (finding that there may be unfair prejudice to a claimant where there is an evidentiary gap in the record involving recent medical treatment).

The ALJ is required to order a consultative examination "only when necessary information is not in the record and cannot be obtained from the claimant's treating medical sources." *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001); *see* 20 C.F.R. § 404.1519a(b) (stating that the ALJ may order a consultative examination when the evidence in the record is insufficient to allow the ALJ to make a determination). Thus, if there is sufficient information in the record for the ALJ to make an informed decision, the ALJ is not required to order a consultative examination. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007).

Here, Plaintiff was represented by counsel at the hearing before the ALJ. (Tr. 27.) Although the ALJ had a duty to develop the record, it was not the heightened duty required of an ALJ when the claimant is unrepresented. *Graham*, 129 F.3d at 1422. Additionally, because Plaintiff filed his application for supplemental social security income on June 18, 2015, alleging disability beginning December 14, 2014 (Tr. 27), the ALJ was required to develop the Plaintiff's complete medical record from December 2014 to June 2015. 20 C.F.R. § 416.912(b)(1)(ii). However, the ALJ did not have a duty to develop the record for the period after June 2015, as Plaintiff contends. *See Ellison*, 355 F.3d at 1276 (holding that "the ALJ . . . was in no way bound to develop the medical record" for the year after the claimant's filing).

In any event, with regard to Plaintiff's argument that the ALJ erred in failing to obtain an updated psychological consultative examination, Plaintiff fails to make the required showing of prejudice. *Graham*, 129 F.3d at 1423; *Kelley*, 761 F.2d at 1540–41. At the hearing before the ALJ, Plaintiff's counsel provided no objection to the medical record and was able to submit additional records of recent treatment into evidence. (Tr. 45–46.) Additionally, the Plaintiff was questioned at the hearing about his anxiety and nothing in the record shows his anxiety had worsened or that an additional consultative examination was needed. *See Graham*, 129 F.3d at 1423 (holding that the Plaintiff "failed to demonstrate evidentiary gaps in the record [resulting] in prejudice" where nothing in the record suggests additional medical records might be gathered or that there is "an undeveloped avenue of inquiry). In fact, Plaintiff stated in his memorandum appealing the Commissioner's decision that he has not had any recent medical treatment with a mental health specialist. (Dkt. 20 at 7.) As such, Plaintiff fails to show any gaps in evidence resulting in prejudice.

Moreover, Plaintiff cannot show prejudice requiring remand because there was substantial evidence to support the ALJ's determination. (Tr. 30–34.) The ALJ did not solely rely on a state consultative examination from 2015 in finding that Plaintiff's mental impairment was nonsevere. (Tr. 30–34.) In fact, the ALJ gave only partial weight to the state consultative examinations and gave great weight to the psychological consultative examination by Timothy Foster, Ph.D. in which Dr. Foster found no mental limitations. (Tr. 33–34, 289.) The ALJ found Dr. Foster's opinion to be consistent with the normal mental status examinations in the record dated as recently as July 2017. (Tr. 34, 289, 339–47, 497, 607, 637, 654.) Additionally, the ALJ relied on Plaintiff's activities of daily living including reading, playing online computer games, watching television, living with and maintaining contact with friends, as well as being able to independently manage

all aspects of personal care. (Tr. 30, 55, 71–72, 236, 289.) These medical opinions, along with Plaintiff's own testimony and mental status examinations, support the ALJ's conclusion that the Plaintiff's mental impairment is nonsevere. *See Doughty*, 245 F.3d at 1280 (holding that the medical opinions, in combination with claimant's testimony about his ability to carry out daily activities, provided substantial evidence to support the ALJ's decision).

Additionally, Plaintiff contends that the prior ALJ's finding that Plaintiff is limited to occasional interaction with the public is entitled to res judicata consideration and, thus, should have been discussed in the subsequent ALJ determination and adopted if there were no findings of a change in Plaintiff's circumstances. (Dkt. 20 at 7–8, Tr. 119.) Specifically, Plaintiff maintains that when an ALJ has issued a determination of not disabled on a prior claim, the ALJ's findings with regard to the claimant's residual functional capacity are entitled to res judicata in a subsequent claim for an unadjudicated period if there is no evidence showing a change in circumstances. *See Chavez v. Bowen*, 844 F.2d 691, 693–94 (9th Cir. 1988). However, administrative res judicata applies to a subsequent disability claim only "if the same parties, facts, and issues are involved in both the prior and subsequent claims." *Randolph v. Astrue*, 291 F. App'x 979, 981 (11th Cir. 2008) (quoting *Effect of a Prior Final Decision That A Claimant Is Not Disabled*, AR 97-4(9), 1997 WL 742758 (S.S.A. Dec. 3, 1997)). The Eleventh Circuit has affirmed the refusal to apply administrative res judicata when the subsequent claim involves a time period that was not adjudicated in the prior claim. *See Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 844 (11th Cir. 2014).

Here, Plaintiff filed his prior claim for social security income on March 25, 2011, alleging his disability began on March 2, 2000. (Tr. 115.) Thus, the period adjudicated in Plaintiff's prior claim was from March 2, 2000 to the date the ALJ issued its determination, April 2, 2013. (Tr.

112.) However, in the claim at issue, Plaintiff alleged a disability date beginning on December 14, 2014. (Tr. 27.) Because the subsequent claim being appealed by Plaintiff concerns a time period unadjudicated by the prior ALJ, administrative res judicata does not apply. *See e.g.*, *Moreno v. Astrue*, 366 F. App'x 23, 27 (11th Cir. 2010) (holding that the "ALJ did not err in declining to give preclusive effect" to a prior ALJ finding concerning a period of disability between 1998 and 2001 when the subsequent claim concerned a period from 2001 to 2004); *Luckey v. Astrue*, 331 F. App'x 634, 638 (11th Cir. 2009) (finding that res judicata does not apply when the "factual time period for [claimant's] current application is different from her previous application"). Thus, Plaintiff's contention that the ALJ failed to discuss the prior ALJ's findings does not warrant reversal because the prior findings are not subject to administrative res judicata.

### B. Subjective Complaints

Plaintiff contends that the ALJ erred by failing to properly evaluate Plaintiff's "complaints of having to elevate his legs periodically during the day." (Dkt. 20 at 8.) When determining whether a claimant is disabled, in addition to objective record evidence, the ALJ must consider the claimant's symptoms, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529. To evaluate whether a claimant has established disability through the claimant's testimony of subjective symptoms, the ALJ must apply the following test that also applies to conditions other than pain: first, whether there is evidence of an underlying medical condition and, second, whether there is objective medical evidence substantiating the severity of the pain from the condition or whether the medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. *Holt v. Sullivan,* 921 F.29 1221, 1223 (11th Cir. 1991); *see* 20 C.F.R. § 404.1529.

If an ALJ determines that the claimant's medical condition could reasonably be expected to produce the claimant's symptoms, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms to determine their effect on the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1); *Klawinski v. Comm'r of Soc. Sec.,* 391 F. App'x 772, 776-77 (11th Cir. 2010). The ALJ considers all available evidence, including objective medical evidence, statements from the claimant, treating and non-treating physicians, and medical opinions. 20 C.F.R. §404.1529(c)(1)–(2). In addition to objective medical evidence, the ALJ considers other information claimant provides, such as (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant took to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant received for relief of pain or other symptoms; and (6) any measures the claimant personally used to relieve symptoms. *Id.* §§ 404.1529(c)(3), 416.929(c)(3).

An ALJ's determination of the credibility of a claimant's testimony regarding pain and other subjective symptoms is entitled to deference and a reviewing court will not disturb a clearly-articulated credibility finding with substantial supporting evidence in the record. *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995). Thus, if an ALJ discredits a claimant's testimony, the ALJ must articulate, explicitly and adequately, reasons for not crediting the testimony. *Holt,* 921 F.2d at 1223–24. On appeal, "[t]he question is not . . . whether [the] ALJ could have reasonably credited [claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011) (finding that substantial evidence supported the ALJ's decision to discredit claimant's testimony regarding his daily activities considering the records from his treating and examining physicians showing claimant was capable

of doing light work); *Dyer v. Barnhart,* 395 F.3d 1206, 1212 (11th Cir. 2005) (reversing the district court's reversal of the ALJ because "the district court improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision" to discredit claimant's pain testimony).

In this case, Plaintiff testified that he must "keep [his] feet elevated most of the day." (Tr. 59.) Plaintiff argues that the ALJ did not specifically mention this testimony. (Dkt. 20 at 9.) However, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his or her decision, so long as the decision is not "a broad rejection" that leaves the Court with insufficient information to determine whether the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Here, the ALJ found that that although Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms," Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms" were "not entirely consistent with the medical evidence and other evidence in the record." (Tr. 32.) This finding is supported by substantial evidence.

Plaintiff alleges he must elevate his legs as result of a motor vehicle accident in December of 2014, which resulted in fractures in both legs and two surgeries. (Tr. 32, 48.) However, the Court agrees with Defendant (Dkt. 26 at 9–10) that Plaintiff cites no evidence to support the extreme limitations alleged. The ALJ found the evidence of record to be inconsistent with Plaintiff's allegations. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (allowing an ALJ to consider objective evidence when assessing a claimant's testimony). As noted by the ALJ, Plaintiff routinely presented with "normal physical and mental status examinations, which note normal strength, gait, and range of motion, and no cardiovascular or psychiatric abnormalities." (Tr. 33.) More specifically, in post-surgical follow-up, Plaintiff reported doing "very well," with

"no complaints," and that he "no longer [needed] pain medication." (Tr. 324.) The physician noted "excellent" range of motion and that Plaintiff "was able to weight bear without pain." (Tr. 325.) In February of 2016, Plaintiff was noted to be "walking well without assistance." (Tr. 634.) And in June of 2017, Plaintiff was noted to have normal gait and station. (Tr. 663.)

Additionally, the ALJ also found Plaintiff's subjective complaints to be contradicted by Plaintiff's reported daily activities. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(i) (allowing ALJ to consider daily activities when evaluating a claimant's testimony about symptoms). The ALJ noted that "the claimant has demonstrated the ability to perform a wide variety of daily activities in spite of any alleged functional limitations arising from his impairments." (Tr. 33.) Specifically, Plaintiff reported "he sweeps, makes his bed, is able to independently manage all aspects of personal care, lives with friends, maintains contact with some of his friends, plays online computer games, and watches television." (Tr. 33.)

Further, the ALJ also relied on the opinion evidence of record. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c) (allowing an ALJ to consider medical opinions when assessing a claimant's testimony). The ALJ gave "partial weight to the opinions of the state agency medical and psychological consultants, who found the claimant limited to a reduced range of light work with postural and environmental limitations and no severe mental impairments." (Tr. 33–34.) The ALJ found these opinions "generally consistent with the record as a whole" but went further to limit Plaintiff to sedentary work. (Tr. 34.)

Because substantial evidence supports the ALJ's findings, this Court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *see also Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) ("Even

if the evidence preponderates against the Secretary's factual findings, we must affirm if the decision reached is supported by substantial evidence.").

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**; and

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on September 3, 2019.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record